JONATHAN A. STIEGLITZ
(SBN 278028)
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Yitzchak Zelman, Esq.,
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel:    (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff
*Pro Hac Vice Motion To Be Filed*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ANGEL PADILLA,<br><br>                    Plaintiff<br><br>-against-<br><br>EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and WELLS FARGO BANK, N.A.,<br><br>                    Defendants | Civil Case No.:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>and<br>JURY TRIAL DEMAND |

COMPLAINT
-1-

Plaintiff ANGEL PADILLA (hereinafter, "Plaintiff"), a California resident, brings this complaint by and through the undersigned attorneys, against Defendant EQUIFAX, INC. ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian") and WELLS FARGO BANK, N.A. ("Wells Fargo") (hereinafter collectively "Defendants"), for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 (hereinafter "FCRA") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. After reviewing his credit reports, Angel Padilla, the Plaintiff in this case, discovered that Defendant Wells Fargo has been reporting a delinquent account with a balance of $6,733. This was an account that was discharged and cancelled back in 2016. Wells Fargo issued to the Plaintiff a 1099-C back in 2016 reflecting the discharged account, but it is still showing on the Plaintiff's credit reports.

2. In early 2018, the Plaintiff began disputing the inaccurate trade line and requesting verification of this account. Despite said request, Defendants failed to make a reasonable investigation as to Plaintiff's dispute and failed to correct their errors.

3. Plaintiff therefore brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") alleging that DSNB negligently, recklessly and knowingly falsely reported information on Plaintiff's credit file.

COMPLAINT
-2-

4. Plaintiff further alleges that Equifax and Experian has negligently and recklessly disseminated false information regarding the Plaintiff's credit, even after Plaintiff notified them of the inaccuracies.

5. Plaintiff further alleges that Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

6. Plaintiff seeks statutory, actual and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person and a resident of Orange County, California, and is a "Consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f)

of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax, Inc. is a corporation with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia.

12. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

14. Defendant Wells Fargo is a national bank with its headquarters in San Francisco, California.

## FACTUAL ALLEGATIONS

15. In early 2017, Plaintiff received a 1099-C from Wells Fargo notifying the Plaintiff that an alleged debt of $4,915.72 was discharged. **See Exhibit A.**

16. In early 2018, the Plaintiff noticed that the credit bureaus, including Equifax and Experian, were negatively reporting the Wells Fargo account with a balance of $6,733.

17. Plaintiff disputed this erroneous information with the credit bureaus,

including Equifax and Experian, on numerous instances.

18. Wells Fargo received copies of these disputes directly from Equifax and Experian.

19. Despite receipt of these letters, Equifax and Experian has continued to verify and report the inaccurate balance on his credit report. **See Exhibit B and Exhibit C.**

20. Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes.

21. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

22. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been harmed in his daily life.

23. Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in his daily life.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681i Against Equifax

24. All preceding paragraphs are realleged.

25. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

26. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

27. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, even after Plaintiff submitted numerous disputes.

28. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i Against Experian

29. All preceding paragraphs are realleged.

30. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

32. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, even after Plaintiff submitted numerous disputes.

33. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

**COMPLAINT**
-6-

# COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST WELLS FARGO

34. All preceding paragraphs are re-alleged.

35. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

36. Plaintiff submitted a written request to the credit bureaus disputing the accuracy of the account being reported by Wells Fargo.

37. Wells Fargo was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

38. Wells Fargo failed to reasonably investigate Plaintiff's dispute.

39. Indeed, Wells Fargo's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

40. Wells Fargo conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest;

(e) A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

(f) Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

(g) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  February 14, 2019

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748


**PRO HAC VICE MOTION TO BE FILED**
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Office:    (732) 695-3282
Fax:       (732) 298-6256
Email:     yzelman@MarcusZelman.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Website: www.MarcusZelman.com
*Attorneys for the Plaintiff*